CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
03/27/2020
JULIA C. DUDLEY, CLERK
BY: /s/ J. JONES
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Charlottesville Division

| | |
|---|---|
| KATHRYN PAULEY, COURTNEY MAWYER, and RIKKI QUILLON, on behalf of themselves and others similarly situated, <br><br> *Plaintiffs*, <br><br> v. <br><br> SEMINOLE TOTAL HEALTH, INC., SCOTT WAGNER, and KRISTIN NORMAN, <br><br> *Defendants*. | CIVIL ACTION NO. 3:20-cv-00014 <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

**COLLECTIVE ACTION COMPLAINT**

1.     Seminole Total Health, Inc. ("Seminole"), which does business as Scott Wagner Chiropractic & Sports Medicine, is a health care provider of chiropractic services in Central Virginia. As the name implies, Seminole is owned and run by Defendant Scott Wagner, with the office managed by his long-time fiancée Kristin Norman, who as Director of Operations is responsible for human resources and payroll. Seminole, Wagner and Norman are violating the Fair Labor Standards Act ("FLSA") by failing to pay the hourly employees of Seminole overtime, thus depriving them of rightful compensation for their work that Defendants are legally obligated to pay.

2.     Plaintiffs worked for Defendants as hourly-paid employees and were damaged by those illegal policies or practices.  In short, Plaintiffs were denied the timely overtime compensation they were due under the FLSA.  Plaintiffs bring this lawsuit on behalf of themselves and all other similarly situated current or former hourly employees to recover unpaid overtime

1

compensation, liquidated damages, attorneys' fees, and costs owed to them individually and on behalf of other similarly situated individuals.

## I.    JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq*.

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiffs' claims occurred in the City of Charlottesville, Virginia.  28 U.S.C. § 1391(b)(2).

## II.    THE PARTIES

5. Plaintiffs worked as hourly employees for Defendants.  They regularly worked in excess of 40 hours per week without receiving all the compensation they were due under the FLSA. Each of the Named Plaintiffs' consents are attached hereto as Exhibit A.

6. The FLSA class of similarly situated employees consists of all current and former hourly employees who were employed by Defendants during the three-year period preceding the filing of this Complaint.  These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Seminole Total Health, Inc. is a chiropractic and sports medicine business which does business as Scott Wagner Chiropractic & Sports Medicine.  Seminole's principal office address as registered with the Virginia State Corporation Commission is 2109 India Rd., Charlottesville, VA 22901. Seminole is engaged in commerce in the United States and is otherwise subject to the FLSA.  Seminole employed Plaintiffs and Members of the Class within the meaning of the FLSA.  Seminole's registered agent is Scott Wagner, with a registered office address of 147 Zan Road, Charlottesville, VA 22901.

8. Defendant Scott Wagner is believed to be the owner of Seminole, and is the only listed officer or director of the company. Wagner, upon information and belief and based on Plaintiffs' own experiences, possessed ultimate control over Seminole's actual operations in a manner that directly relates to Plaintiffs' employment and that of those similarly situated. Wagner directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so regularly transacted within this district. Wagner resides at 1325 Aviemore Lane, Ruckersville, VA 22968.

9. Defendant Kristin Norman is the officer manager and believed-to-be fiancée of Wagner. In Plaintiffs' experience, Norman was responsible for all issues relating to personnel, salaries, overtime and other compensation. Plaintiffs would communicate directly with Norman about all elements of their employment, and it is Norman who has communicated with one or more of the Plaintiffs regarding the issues addressed in this lawsuit. Norman directly affected employment-related factors such as workplace conditions and/or operations, personnel, and/or compensation, and by doing so regularly transacted within this district. Norman resides with Wagner at 1325 Aviemore Lane, Ruckersville, VA 22968.

### III.   BACKGROUND

10. The preceding paragraphs are incorporated by reference.

11. Defendants own and operate a chiropractic and sports medicine business in Central Virginia. Additionally, Defendants employ a number of health professional to assist their patients, including but not limited chiropractic assistants such as Plaintiffs.

12. Upon information and belief, Plaintiffs and Members of the Class regularly worked in excess of 40 hours per workweek. However, Defendants did not pay Plaintiffs and the Class

overtime compensation at one and one-half times their regular rate for all hours worked in excess of 40 each week.

13. Instead, and as reflected by their pay stubs, Defendants paid their hourly employees their normal hourly rate for all hours worked during the pay period, regardless of whether any of those hours were in excess of 40 hours for the employer's stated work week. As a result, Defendant failed to properly compensate their employees under the FLSA.

### IV. PLAINTIFFS' INDIVIDUAL ALLEGATIONS

*A.   Defendants Failed to Properly Pay Overtime Compensation.*

14. The preceding paragraphs are incorporated by reference.

15. Because Defendants pay their hourly employees twice per month it is difficult to determine the exact number of overtime hours per customary work week, but as each of the Plaintiffs frequently worked in excess of two hundred hours per calendar month, they necessarily worked in excess of 40 hours per week.

16. Plaintiff Kathryn Pauley was employed by Seminole from August 7, 2017 until March 9, 2020 as the biller and office assistant. During that time period Pauley's regular rate of pay was $15.75 per hour.

17. As demonstrated by the spreadsheet attached hereto as Exhibit B, which summarizes all of the pay stubs available to Pauley at this time, Pauley routinely worked in excess of 40 hours per week. For example, in May 2019 Pauley worked at least 272 hours, 278 hours in July 2019, and 288.45 hours in September 2019.

18. Understanding that Pauley does not have access to her day-by-day timesheets, Pauley cannot do an exact calculation of exactly how many hours she worked during each of Seminole's customary work weeks. However, by determining the number of business days in each

pay period, Pauley has calculated that she likely worked at least 1,014.16 hours of overtime between February 2018 and the end of her employment.

19. In all, Pauley worked a total of 3,094 hours between Feb. 16, 2019 and Feb. 15, 2020. Despite this, and as demonstrated by her paystubs, Pauley was paid only $15.75 for each hour worked.

20. Extrapolating that number to cover the entire period of her employment, during which she worked a similar schedule, Pauley is owed no less than $19,806.57 in direct overtime compensation, in addition to liquidated damages and attorney's fees.

21. Plaintiff Rikki Quillon (nee Nash, her surname while employed by Seminole) was employed by Seminole from July 21, 2015 until January 13, 2020 as a front office assistant. During that time period Quillon's regular rate of pay was $17.50 per hour.

22. The calculation for Quillon, done in the same way as for Pauley, is attached hereto as Exhibit C. Quillon worked at least 2,175 hours in 2018 and at least 2,354 hours in 2019, but was not paid overtime in either year.

23. Quillon is owed no less than $9,556.75 in direct overtime compensation, in addition to liquidated damages and attorney's fees.

24. Plaintiff Courtney Mawyer was employed by Seminole from July 28, 2016 until February 28, 2020 as a chiropractic assistant and office support. During that time period Mawyer's regular rate of pay began at $14 per hour and rose to $17.50 per hour.

25. The calculation for Mawyer, done in the same way as for Pauley, is attached hereto as Exhibit D. Mawyer worked at least 2,408 hours in eleven months of 2018, and at least 2,683 hours in 2019, but was not paid overtime in either year.

26. Mawyer is owed no less than $11,951.30 in direct overtime compensation, in addition to liquidated damages and attorney's fees.

27. The FLSA and applicable regulations require Defendants to pay overtime compensation at 1.5 times Plaintiffs' regular rate of pay for each hour Plaintiffs worked in excess of 40 hours per week.

28. By failing to pay Plaintiffs as described above, Defendants have deprived Plaintiffs of a significant amount of regular and overtime compensation to which they are rightfully entitled.

**B.    *Defendants Willfully Violated the FLSA.***

29. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiffs. Defendants failed to follow these rules when paying Plaintiffs.

30. Defendants have or had a policy and/or practice of not paying their employees the proper rate for overtime they worked. Instead, Defendants paid their employees their regular rate no matter how many hours they worked per pay period, with no overtime premium for hours worked over 40 in a workweek as required under the FLSA. Defendants should have paid their employees overtime compensation at 1.5 times their regular rates for all hours worked in excess of 40 hours per workweek.

31. Defendants knew or have shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

**V.    FLSA COLLECTIVE ACTION ALLEGATIONS<br>UNDER 29 U.S.C. § 216(B)**

32. The preceding paragraphs are incorporated by reference.

33. Plaintiffs are aware that Defendants' illegal pay policies or practices have been imposed upon Members of the Class. Like Plaintiffs, Members of the Class are employed by Defendants as hourly-paid workers, who perform(ed) the same or similar duties as Plaintiffs, as described above. As with Plaintiffs, Members of the Class frequently worked substantial amounts of overtime that was not properly compensated in accordance with the FLSA.

34. Upon information and belief, the Members of the Class are/were also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiffs.

35. Defendants' failure to properly compensate Plaintiffs and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice of Defendants to pay their employees their regular rate no matter how many hours they worked per pay period, with no overtime premium for hours worked over 40 in a workweek. As such, the Members of the Class are owed additional overtime compensation plus liquidated damages, attorneys' fees, and expenses for precisely the same reasons as Plaintiff.

36. Accordingly, the FLSA collective class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly-paid employees who were employed by Defendants during the three-year period preceding the filing of this complaint.**

37. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

38. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VI.   CAUSES OF ACTION

39.   The preceding paragraphs are incorporated by reference.

40.   As set forth above, Defendants violated the FLSA with respect to Plaintiffs and Members of the FLSA Class by failing to properly compensate for overtime hours, as described above.  29 U.S.C. §§ 207.

41.   Plaintiffs and Members of the Class are entitled to recover overtime compensation at one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a week.  29 U.S.C. §§ 207, 216 (b).

42.   In addition, Plaintiffs and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages, including overtime wages.  29 U.S.C. § 216(b).

43.   Moreover, Plaintiffs and Members of the Class are entitled to reasonable attorneys' fees and costs.  *Id*.

## VII.   JURY DEMAND

44.   Plaintiffs demand a jury trial.  Any required jury fee will be timely paid.

## PRAYER

WHEREFORE, Plaintiffs request that this Court enter final judgment against Defendants Seminole, Wagner and Norman for:

1.   Damages for the full amount of unpaid overtime compensation due under the FLSA in favor of Plaintiff and Members of the Class;

2.   An amount equal to unpaid overtime compensation, as liquidated damages pursuant to 29 U.S.C. § 216 in favor of Plaintiffs and Members of the Class;

3.   Reasonable attorneys' fees, costs and expenses of this action;

4.   Pre-judgment and post-judgment interest at the highest rate allowed by law; and

5. Such other and further relief as may be allowed by law.

DATED this 27th day of March, 2020.                    Respectfully submitted,

By: */s/ David W. Thomas*
David W. Thomas, Esq.
Virginia Bar No. 73700
MICHIEHAMLETT
310 4th Street NE, 2nd Floor
PO Box 298
Charlottesville, Virginia 22902
Phone: 434-951-7224
Fax: 434-951-7244
dthomas@michiehamlett.com

***Attorneys for Plaintiffs***